

**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | |
|---|---|
| Guillermo A. Ruanova | )    Docket Nos.   2016-06-1925 |
| | )                 2017-06-1668[1] |
| v. | ) |
| | )    State File Nos. 33552-2015 |
| Western Express, et al. | )                 69245-2017 |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Joshua D. Baker, Judge | ) |

---

**Affirmed and Remanded – Filed August 24, 2018**

---

In this interlocutory appeal, the employee reported two work accidents that occurred within a six-day period while he was riding as a passenger in work vehicles. The employer provided certain workers' compensation benefits, but declined to authorize additional treatment or pay other benefits after the employee's physicians released him to return to work with no restrictions and recommended no additional medical treatment. Following an expedited hearing, the trial court denied the employee's request for additional benefits, and the employee has appealed. We affirm the decision of the trial court and remand the case.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Guillermo A. Ruanova, Nashville, Tennessee, employee-appellant, pro se

D. Andrew Saulters and Rachel C. Hogan, Nashville, Tennessee, for the employer-appellee, Western Express

---

[1] Although the employee filed two separate petitions, the cases were consolidated in the trial court.

## Memorandum Opinion[2]

Guillermo Ruanova ("Employee") worked as a trainee driver for Western Express ("Employer"). On March 25, 2015, while Employee was in the sleeper compartment of a truck, the driver applied the brakes hard, causing Employee to "crash against the cab."[3] As a result of that incident, Employee reported pain and other symptoms related to his back, neck, shoulders, hips, elbows, and head. Six days later, on March 31, 2015, Employee was involved in another incident when the truck in which he was riding was struck from behind by another vehicle. Employee asserted that the second accident aggravated the symptoms he had from the first accident.

Employer paid for treatment with a physician at a local hospital, then provided a panel of neurology specialists, from which Employee selected Dr. Garrison Strickland. After completing diagnostic testing and a course of conservative treatment, Dr. Strickland found "no significant abnormalities" on the MRI's and released Employee to return to work without restrictions. He recommended no additional treatment, but indicated he would see Employee again on an "as-needed" basis.

Over a year later, apparently in response to Employee's request for additional medical evaluation and/or treatment, Employer provided another panel of physicians, from which Employee selected Dr. Steven Graham. After his evaluation, Dr. Graham found no evidence of permanent medical impairment, assigned no work restrictions, and recommended no additional medical treatment.

Thereafter, Employee filed two petitions seeking additional medical treatment and temporary disability benefits. Following an expedited hearing, the trial court determined that although Employer remained responsible for providing reasonable and necessary medical treatment causally related to the work accidents, Employee had not come forward with sufficient evidence to indicate he would likely prevail at trial in establishing entitlement to any specific medical treatment at that time or any additional temporary disability benefits. Employee has appealed.

This appeal suffers from two significant defects not uncommon in appeals filed by self-represented litigants: an inadequate record and little or no meaningful argument concerning the factual or legal basis for the appeal. Either defect significantly hampers

---

[2] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

[3] Because neither party filed a transcript of the expedited hearing or a joint statement of the evidence, we have gleaned the facts from the pleadings, exhibits, and the trial court's expedited hearing order.

appellate review, but in combination, effective review becomes impracticable. Such is the case here.

The first problem with this appeal is an inadequate record. Specifically, testimony was presented to the trial court at the expedited hearing, and the court relied on that testimony in reaching its decision. However, we have been provided with no record of this testimony. Moreover, no joint statement of the evidence has been filed. Thus, the totality of the evidence introduced in the trial court is unknown, and we decline to speculate as to the nature and extent of the proof presented to the trial court. Instead, consistent with established Tennessee law, we must presume that the trial court's rulings were supported by sufficient evidence. *See Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994) ("In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee.").

The second obstacle to appellate review in this case is silence by the appellant regarding the basis for the appeal. Specifically, in his notice of appeal, Employee fails to identify any issues for review. Further, he has not filed a brief or position statement identifying any issues for review, making any argument, or otherwise explaining how the trial court erred in resolving the issues raised at the expedited hearing. The two-page document attached to his notice of appeal makes new factual allegations, but does not identify any legal issues or alleged errors made by the trial court. Thus, we have no way of knowing the nature of his contentions on appeal.

As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Indeed, were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as his counsel, which the law clearly prohibits. Appellate courts will not "dig through the record in an attempt to discover arguments or issues that [a pro se party] may have made had [that party] been represented by counsel" because doing so "would place [the opposing party] in a distinct and likely insurmountable and unfair disadvantage." *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015). Accordingly, we decline to search the record in an attempt to discover errors that might benefit either party. *McEarl v. City of Brownsville*, No. W2015-00077-COA-R3-CV, 2015 Tenn. App. LEXIS 894, at *7 (Tenn. Ct. App. Nov. 6, 2015).

Accordingly, the trial court's order is affirmed and this case is remanded to the trial court.



| | |
|---|---|
| Guillermo A. Ruanova | ) Docket Nos. 2016-06-1925 |
| | ) 2017-06-0668 |
| v. | ) |
| | ) State File Nos. 33552-2015 |
| Western Express, et al. | ) 14688-2017 |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Joshua D. Baker, Judge | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 24th day of August, 2018.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Guillermo A. Ruanova | | | | | X | williamthepc@gmail.com |
| Rachel C. Hogan | | | | | X | rhogan@ortalekelly.com |
| D. Andrew Saulters | | | | | X | dsaulters@ortalekelly.com |
| Joshua D. Baker Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov